**2611-CC01261**

Electronically Filed - St Charles Circuit Div - September 08, 2026 - 01:14 PM

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. CHARLES**
**STATE OF MISSOURI**

| | |
|---|---|
| **APRIL PERRY,**<br><br>Plaintiff,<br>v.<br><br>**PAPPAS HAYDEN WESTBERG & JACKSON PC,**<br><br><u>Serve at:</u><br>Reg. Agt. Gregory Pappas<br>7500 W 110th St., Ste. 110,<br>Overland Park, KS 66210<br><br>Defendant. | Cause No.<br><br>Division<br><br>**JURY TRIAL DEMANDED** |

## PETITION

COMES NOW April Perry ("Plaintiff"), by and through her undersigned counsel, and for her Petition states as follows:

## INTRODUCTION

1. This is an action for actual and statutory damages brought to the Court by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiffs demand a trial by jury on all issues so triable.

## JURISDICTION

3. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d), as Defendant's collection activity was directed to Plaintiff at her residence in Missouri. Plaintiff suffered the harms described herein in Missouri. Venue is proper in the County of St. Charles, Missouri for this reason.

Electronically Filed - St Charles Circuit Div - September 08, 2026 - 01:14 PM

## PARTIES

4. Plaintiff is a natural person currently residing in St. Charles County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

5. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, the alleged debt arose from a personal installment loan Plaintiff obtained from SunUp Financial many years ago when she was in dire financial straits. SunUp is a predatory, high-interest lender whose loans are virtually impossible for someone like Plaintiff to ever pay off.

6. Plaintiff has a bona-fide dispute of the debt. While Plaintiff did obtain the installment loan from SunUp Financial, the alleged balance is not accurate to the Plaintiff's understanding as this debt (1) had an inaccurate total balance as listed by Defendant and (2) was not owed at all because it was included in Plaintiff's Chapter 7 bankruptcy filing and discharged as set forth herein.

7. Defendant Pappas Hayden Westberg & Jackson PC ("Defendant") is a foreign professional corporation with its principal place of business outside of the State of Missouri. Defendant sued Plaintiff to collect the debt knowing that the debt was discharged in bankruptcy. In the alternative, Defendant conducted no meaningful attorney review of its collection file before filing the subject lawsuit against Plaintiff.

8. The principal business purpose of Defendant is the collection of debts nationwide; Defendant regularly attempts to collect debts alleged to be due to another entity.

9. Defendant is engaged in the collection of debts from consumers through means of using mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

Electronically Filed - St Charles Circuit Div - September 08, 2026 - 01:14 PM

## FACTS

10. Sometime in 2019, Plaintiff allegedly obtained a loan from SunUp Financial.

11. Plaintiff's financial situation spiraled out of control, in large part because of the loan, and in 2020, Plaintiff hired bankruptcy counsel and filed for Chapter 7 bankruptcy protection.

12. On October 19, 2020, Plaintiff filed for Chapter 7 Bankruptcy.

13. Plaintiff listed SunUp Financial on the matrix of creditors, listed the debt owed to SunUp Financial, and provided SunUp Financial with the notice of bankruptcy filing. All of these notices were available to Defendant as a matter of public record.

14. Plaintiff received her discharge on January 21, 2021. Defendant, at all times relevant, had notice of this discharge, or in the alternative, the notice of discharge was always available to Defendant as a matter of public record.

15. Defendant, undeterred by Plaintiff's discharge order, filed a debt collection petition against Plaintiff in the Circuit Court of St. Charles County, Case No. 2611-AC07464 in August of 2026, more than five (5) years of Plaintiff's bankruptcy discharge.

16. Defendant either filed suit knowing about the discharge, or Defendant utterly failed to provide a meaningful attorney review of its file before filing suit.

17. In the suit, Defendant claimed that Plaintiff owed over $3,000.00 on the alleged debt.

18. This was false. Plaintiff's debt was discharged in bankruptcy and Plaintiff did not owe anything to Defendant.

19. Defendant knew or should have known that Plaintiff did not owe any balance on the alleged debt.

Electronically Filed - St Charles Circuit Div - September 08, 2026 - 01:14 PM

20. Defendant knew that there was no chance of collecting the debt from Plaintiff because Plaintiff's debt was discharged in her bankruptcy; Defendant filed a lawsuit against Plaintiff in a mean-spirited fashion solely to harass, oppress, intimidate and mock Plaintiff.

21. As a result of Defendant's conduct, Plaintiff felt harassed, oppressed and frustrated.

22. Plaintiff did not get the benefit of the very expensive bankruptcy filing she paid for as a result of Defendant's actions.

23. Plaintiff was also forced to hire counsel to defend the suit. Counsel prepared a Motion to Dismiss and supporting evidence based on the bankruptcy filing.

24. After reviewing the Motion to Dismiss, Defendant dismissed the suit without prejudice. However, the harm had already been done and Plaintiff had incurred substantial expense.

25. Defendant's above-described conduct has caused Plaintiff to incur actual damages including but not limited to attorneys' fees paid to her bankruptcy and debt defense attorneys, anxiety, frustration, and worry.

26. Plaintiff was forced to retain, and become indebted to, debt defense counsel for the purpose of getting advice to deal with Defendant's collection attempts on an invalid debt.

27. The injuries in fact are fairly traceable to the challenged actions of the Defendant in that the Defendant filed a bogus lawsuit against Plaintiff.

28. Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

## COUNT I – VIOLATION OF FDCPA

29. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

Electronically Filed - St Charles Circuit Div - September 08, 2026 - 01:14 PM

30. In its attempts to collect the alleged debt from Plaintiff, Defendant committed violations of the FDCPA, see 15 U.S.C. §1692 et seq., including, but not limited to, the following:

a. Falsely representing the character, amount, or legal status of the alleged debt, specifically by trying to collect a debt that was discharged in bankruptcy and by making it seem as though the debt was not discharged in bankruptcy. See 15 U.S.C. §1692e;

b. Engaging in harassing, deceptive and unfair conduct in filing the 2026 action against Plaintiff. See 15 U.S.C. §1692d-f; and

c. Refusing to abide by the automatic stay and/or the discharge injunction when it tried to collect a debt from Plaintiff that was included in her bankruptcy. 15 U.S.C. §1692d-f.

31. WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the FDCPA;

B. Actual damages in an amount to be determined by the jury;

C. Statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

D. For such other relief as the Court may deem just and proper.

Electronically Filed - St Charles Circuit Div - September 08, 2026 - 01:14 PM

Respectfully submitted,

**VOYTAS LAW, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr. #52046 MO
7321 S. Lindbergh Blvd., Ste. 400
St. Louis, MO 63125
Phone: (314) 380-3166
Email: rick@voytaslaw.com

*Attorney for Plaintiff*